**Barbara VOLCY, Petitioner,**

v.

**DEPARTMENT OF DEFENSE, Respondent.**

No. 02–3286.

United States Court of Appeals, Federal Circuit.

April 14, 2003.

Before MAYER, Chief Judge, MICHEL and DYK, Circuit Judges.

PER CURIAM.

Barbara Volcy seeks review of the April 8, 2002, decision of the United States Federal Mediation and Conciliation Service, case 01–16551, denying her grievance and upholding her termination by the U.S. Military Academy for promoting and participating in a strike against the United States Government. Because the arbitrator's decision is supported by substantial evidence and in accordance with law, we *affirm.*

We review an arbitrator's decision under the same standard as that of the Merit Systems Protection Board, 5 U.S.C. § 7121(f) (2000), and will affirm unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence," 5 U.S.C. § 7703(c) (2000).

The collective bargaining agreement to which Volcy was a party stipulated that "employees will only be subject to disciplinary action for fair, just, and sufficient

causes." Article 28, section 9. When her employment began, she signed an Appointment Affidavit requiring that she would not "participate in any strike against the Government of the United States ... while an employee of the Government." Volcy argues that her termination was not based upon sufficient cause because the arbitrator's finding that she participated in an unlawful strike and abandoned her work was not supported by substantial evidence. She asserts that the testimony of the government's witnesses, upon which the arbitrator's findings were based, was not credible. We will not disturb his findings, however, because we grant deference to such credibility determinations; they are virtually unreviewable. *Hambsch v. Dep't of the Treasury,* 796 F.2d 430, 436 (Fed. Cir.1986).

Volcy also argues that the arbitrator's decision was not in accordance with law. She contends that her actions, even as found by the arbitrator, did not constitute a strike because she did not engage in picketing or negotiate demands with her employer. The charge of striking, however, does not require picketing or direct negotiating, but the withholding of "services in concert with others." *Schapansky v. Dep't of Transp.,* 735 F.2d 477, 482 (Fed.Cir.1984). Volcy's statement that the employees were on strike and her participation in the collective refusal to return to work after multiple requests by the supervisor, however, rose to the level of an illegal strike against the government.

We find unpersuasive Volcy's argument that her termination was unduly harsh in light of the unequivocal mandate of 5 U.S.C. § 7311 that "[a]n individual may not accept or hold a position in the Government of the United States ... if he ... participates in a strike, or asserts the right to strike, against the Government." And her assertion that termination was selective "is not a ground for invalidating it." *Schapansky,* 735 F.2d at 485.